### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

STEVEN G. CARY,

        Plaintiff,

v.                              Case No:  2:16-cv-713-FtM-38CM

OCWEN LOAN SERVICING LLC,

        Defendant.

_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Affidavit of Indigency (Doc. 2) filed on September 20, 2016, construed as a motion to proceed *in forma pauperis*.  Plaintiff requests leave to proceed in this case without prepayment of the filing fees and costs pursuant to 28 U.S.C. § 1915.[2]  In accordance with 28 U.S.C. § 1915, the Court must first determine that Plaintiff meets the requirements of indigency and then conduct a sufficiency review of the complaint for emergency

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

injunction (Doc. 1).   For the reasons stated herein, the Court recommends that Plaintiff's motion be denied and the complaint be dismissed.

## I.   Indigency

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).   When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).   A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed *in forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Martinez*, 364 F.3d at 1307.

Here, upon review of Plaintiff's Affidavit, he appears to qualify to proceed without prepayment of costs in this matter.   Plaintiff's affidavit states that he was last employed on July 30, 2009.   Doc. 2 at 2.   He has no cash in a checking or savings account.   Doc. 2 at 2.   He owns real property valued at approximately $80,000.00, which is currently subject to foreclosure (Doc. 1-1 at 3), and a 2001 cargo van valued at approximately $1,000.00.   Doc. 2 at 3.   He receives $192.00 per month as welfare aid.   Doc. 2 at 2.   Upon review of the Affidavit, the Court finds that Plaintiff has satisfied the indigency requirements of 28 U.S.C. § 1915.

## II.   Sufficiency of the Complaint

Even if a motion for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of Plaintiff's claims.   Under Section 1915 of Title 28 of the United States Code, the Court shall dismiss an action if the action is deemed frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2).   The Court has reviewed Plaintiff's complaint for emergency injunction (Doc. 1) to ensure whether the statutory factors for dismissal are met.

With respect to whether a complaint "fails to state a claim on which relief may be granted," section 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts.   *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.   *Ashcroft*, 556 U.S. at 678 (quotations and citation omitted). Instead, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."   *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Rule 8(a) requires that a pleading set forth a claim of relief and contain a short and plain statement in which the pleader is entitled to relief. Fed. R. Civ. P. 8(a). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Federal Rule 10(b) requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).

While the Court holds pro se complaints to a less stringent standard than pleadings drafted by attorneys, *Ortiz v. Degrees*, No. 210-cv-278-FtM-29SPC, 2010 WL 2889773, at *1 (M.D. Fla. June 28, 2010), a pro se litigant still is bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure. *See Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir. 1993). "Where allegations are vague and ambiguous, leaving the reader to guess at precisely what the plaintiff was claiming, the judge should require the plaintiff to replead his claims." *McFarlin v. Douglas Cty.*, 587 F. App'x 593, 595 (11th Cir. 2014) (citations omitted).

First, Plaintiff's complaint (Doc. 1) does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.   The complaint begins with a vague allegation that "I cannot receive justice in the 20th circuit Florida courts due to [a judge] ruling with predjudice [sic] against me." Doc. 1 at 1.   Plaintiff then asserts violations of his undefined rights, such as "failure of justice and complete violation of my judicial rights for fair hearing to justice" and "failure of justice to protect my property and constitutional guarantee of life[,] liberty[,] and persuit [sic] of happiness." Doc. 1 at 3-4.   Furthermore, Plaintiff's first cause of action, "[f]ailure to comply with the [probate order,]" simply reiterates the content of the probate order (Doc. 1-1 at 1) and does not establish at all how Defendant has violated the specified order.   Doc. 1 at 2. As a result, the first cause of action appears as "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Additionally, this Court has no jurisdiction to entertain Plaintiff's claims. First, the *Rooker-Feldman* doctrine bars the Court's review of Plaintiff's second cause of action, "[f]ailure to comply with statutes of time limits within forclosure [sic] law." *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).   The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).   The doctrine prohibits lower federal courts from "exercising appellate jurisdiction over final state-court judgments" when a party

takes an appeal of an unfavorable state-court decision to a lower federal court.   *See*
*Lance v. Dennis*, 546 U.S. 459, 466 (2006) (citing *Exxon Mobil Corp. v. Saudi Basic*
*Indus. Corp.*, 544 U.S. 280, 291 (2005)).   Here, Plaintiff seeks to appeal the state
court's final judgment of foreclosure to this Court because he believes the judgment
is incorrect.   Doc. 1 at 3; Doc. 1-1 at 3.   He asserts that even though he raised the
issue of the statute of limitations, the court did not listen to him.   Doc. 1 at 3.
However, the Court cannot act as a state appellate court and review the judgment of
the state court.   *See Lance*, 546 U.S. at 466.

Second, the Court lacks subject matter jurisdiction to consider Plaintiff's
claims.   "[I]t is well settled that a federal court is obligated to inquire into subject
matter jurisdiction *sua sponte* whenever it may be lacking."   *Bischoff v. Osceola Cty.,*
*Fla.,* 222 F.3d 874, 878 (11th Cir. 2000) (citing *University of South Alabama v.*
*American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999)).   "[T]he district court must
look to the way the complaint is drawn to see if it is drawn so as to claim a right to
recover under the Constitution and laws of the United States."   *Bell v. Hood,* 327
U.S. 678, 681 (1946).   Thereafter, "where the complaint . . . is so drawn as to seek
recovery directly under the Constitution or laws of the United States, the federal
court, but for two possible exceptions . . .   must entertain the suit."   *Bell,* 327 U.S.
at 681-82.   Those exceptions are that a lawsuit "may sometimes be dismissed for
want of jurisdiction where the alleged claim under the Constitution or federal
statutes clearly appears to be immaterial and made solely for the purpose of obtaining
jurisdiction or where such a claim is wholly insubstantial and frivolous."   *Bell,* 327

U.S. at 613.   In other words, the exceptions apply when "the claim has no plausible foundation or if the court concludes that a prior Supreme Court decision clearly forecloses the claim" *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1353 (11th Cir. 1998).

Here, Plaintiff's constitutional claims do not have any plausible foundation. Plaintiff does not establish any legal or factual grounds to support his constitutional claims because he neither points to any specific federal statute or constitutional clause nor provides factual foundations for his claims.   Doc. 1 at 4.   Rather, his claims remain general and broad as they hinge on undefined constitutional rights including "constitutional guarantee of life[,] liberty[,] and persuit [sic] of happiness" and "judicial rights for fair hearing to justice."   Doc. 1 at 3-4.

Moreover, Plaintiff's two claims are state law claims that involve the state court's probate order and judgment of foreclosure.   In addition to the Court's inability to act as a state appellate court, those questions are beyond this Court's subject matter jurisdiction "absent the exercise of pendant jurisdiction" or diversity jurisdiction.   28 U.S.C. § 1332; *First Assembly of God of Naples, Fla., Inc. v. Collier Co.*, 775 F. Supp. 383, 389 (M.D. Fla. Oct. 4, 1991).   Plaintiff, as the party invoking the Court's jurisdiction, "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).   Even if the Court can use its discretion to exercise pendant jurisdiction, "such needless decisions of state law are to be avoided." *Grant v. Seminole Cty., Fla.*, 817 F.2d 731, 732 (11th Cir. 1987).

Here, Plaintiff did not meet his burden, and his state law claims should be directed to the state courts.

ACCORDINGLY, it is hereby respectfully

**RECOMMENDED:**

1.      Plaintiff's Affidavit of Indigency, construed as a motion for leave to proceed *in forma pauperis* (Doc. 2), be **DENIED**; and

2.      This action be dismissed without prejudice.

**DONE** and **ENTERED** in Fort Myers, Florida on this 21th day of September, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Steven G. Cary
Counsel of record